**ADDENDUM "A" TO CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

1.      In this action, Plaintiff-Appellant M.M., on behalf of and as parent of J.S., seeks review and reversal of the Memorandum Decision and Order and final Judgment of the U.S. District Court for the Southern District of New York, which denied her claim under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, for payment of J.S.'s 2012–2013 school year tuition at the Cooke Center for Learning and Development, a private special education school.

During the 2012–2013 school year, J.S. was a student with a disability entitled to a free appropriate public education ("FAPE") under the IDEA. M.M. concluded that Defendant-Appellee New York City Department of Education ("DOE") failed to offer J.S. a FAPE for that school year and, through counsel, requested an IDEA due process hearing to seek payment for J.S.'s tuition at the Cooke Center for Learning and Development. The case proceeded to a hearing before an Impartial Hearing Officer ("IHO"). The IHO initially ruled against M.M.'s tuition claim without reaching a determination as to whether the DOE offered J.S. a FAPE. M.M. appealed the IHO's decision to the New York State Review Officer ("SRO"), who remanded the case to the IHO to decide the tuition claim using the appropriate analytical framework. On remand, the IHO concluded that the DOE offered J.S. a FAPE and again denied M.M.'s tuition claim. M.M. appealed to the SRO, and the SRO affirmed the IHO's decision.

M.M. brought suit in the U.S. District Court for the Southern District of New York, seeking reversal of the SRO's decision. The parties cross-moved for summary judgment: M.M. seeking judgment ordering the DOE to pay J.S.'s tuition at the Cooke Center for Learning and Development for the 2012–2013 school year, and the DOE seeking affirmance of the SRO decision.

2.      In a Memorandum Decision and Order dated March 17, 2015 and filed March 18, 2015, U.S. District Judge George B. Daniels granted the DOE's motion for summary judgment and denied M.M.'s motion. Judge Daniels accorded deference to the SRO's decision and held that the DOE offered J.S. a FAPE for the 2012–2013 school year. Judge Daniels did not reach a determination as to whether the Cooke Center for Learning and Development was an appropriate placement for J.S. or whether the equities favored M.M.'s tuition claim.

3.      Copies of the Notice of Appeal and the current district court docket sheet are attached hereto.

4.      Copies of the Memorandum Decision and Order of District Judge George B. Daniels dated March 17, 2015 and filed March 18, 2015, and the Judgment dated and filed March 19, 2015 are attached hereto.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
M.M., on Behalf of and as Parent of
J.S., a student with a disability,

               Plaintiff,

         - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

              Defendant.
-----------------------------------------------------X

**NOTICE OF APPEAL**

Docket No.
14-CV-1542 (GBD)

ECF Case

      PLEASE TAKE NOTICE that Plaintiff M.M., on Behalf of and as Parent of J.S., a student with a disability, hereby appeals to the United States Court of Appeals for the Second Circuit from the Memorandum Decision and Order in this action dated March 17, 2015 and entered March 18, 2015, and the final judgment entered March 19, 2015, denying Plaintiff's motion for summary judgment and granting Defendant's cross-motion for summary judgment.

Dated:      New York, New York
             April 15, 2015

                       /s/ Thomas Gray
                       THOMAS GRAY (TG 0880)
                       PARTNERSHIP FOR CHILDREN'S RIGHTS
                       Attorney for Plaintiff
                       271 Madison Avenue, 17th Floor
                       New York, New York 10016
                       (212) 683-7999 ext. 246
                       Fax (212) 683-5544
                       tgray@pfcr.org

To:

Clerk of the Court
United States District Court for the Southern District of New York

Neil Anthony Giovanatti
Assistant Corporation Counsel
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-305
New York, NY 10007
(212) 356-0886
(via ECF)

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:14–cv–01542–GBD

M.M. v. New York City Department of Education
Assigned to: Judge George B. Daniels
Cause: 28:1331ng Fed. Question: Natural Gas Act

Date Filed: 03/06/2014
Date Terminated: 03/19/2015
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**M.M.**
*on behalf of and as parent of J.S., a student with a disability*

represented by **Thomas Chipman Gray**
Partnership For Children's Rights
271 Madison Avenue
New York, NY 10016
(212)–683–7999
Fax: (212)–683–5544
Email: tgray@pfcr.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**New York City Department of Education**

represented by **Neil Anthony Giovanatti**
New York City Law Department
100 Church Street Room 2663
New York, NY 10007
(212)–356–0886
Fax: (212)–788–3770
Email: ngiovana@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2014 | 1 | CIVIL COVER SHEET filed. (laq) (laq). (Entered: 03/11/2014) |
| 03/06/2014 | 2 | COMPLAINT against New York City Department of Education. Document filed by M.M..(laq) (laq). (Entered: 03/11/2014) |
| 03/06/2014 | | SUMMONS ISSUED as to New York City Department of Education. (laq) (Entered: 03/11/2014) |
| 03/06/2014 | 3 | ORDER GRANTING IFP APPLICATION: Leave to proceed in this Court without prepayment of fees is authorized. 28 U.S.C. § 1915. (Signed by Judge Paul A. Crotty on 3/5/2014) (laq) (Entered: 03/11/2014) |
| 03/06/2014 | | Magistrate Judge Debra C. Freeman is so designated. (laq) (Entered: 03/11/2014) |
| 03/06/2014 | | Case Designated ECF. (laq) (Entered: 03/11/2014) |
| 03/13/2014 | | NOTICE OF CASE REASSIGNMENT to Judge George B. Daniels. Judge P. Kevin Castel is no longer assigned to the case. (pgu) (Entered: 03/13/2014) |
| 03/13/2014 | 4 | INITIAL PRETRIAL CONFERENCE: Initial Pretrial Conference set for 5/27/2014 at 09:30 AM in Courtroom 11A, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (Signed by Judge George B. Daniels on 3/13/2014) (kgo) (Entered: 03/13/2014) |
| 05/01/2014 | 5 | AFFIDAVIT OF SERVICE. New York City Department of Education served on 5/1/2014, answer due 5/22/2014. Service was accepted by Betty Mazyck, Service |

| | | Window Clerk. Document filed by M.M.. (Attachments: #1 Complaint and Summons)(Gray, Thomas) (Entered: 05/01/2014) |
|---|---|---|
| 05/09/2014 | 6 | ENDORSED LETTER addressed to Judge George B. Daniels from Thomas Gray dated 5/1/2014 re: Counsel requests that the Court adjourn the pre–trial conference. ENDORSEMENT: SO ORDERED. The conference is adjourned to June 24, 2014 at 9:30 a.m. (Signed by Judge George B. Daniels on 5/8/2014) (mro) (Entered: 05/09/2014) |
| 05/09/2014 | | Set/Reset Hearings: Initial Conference set for 6/24/2014 at 09:30 AM before Judge George B. Daniels. (mro) (Entered: 05/09/2014) |
| 05/14/2014 | 7 | AMENDED COMPLAINT amending 2 Complaint against New York City Department of Education.Document filed by M.M.. Related document: 2 Complaint filed by M.M..(Gray, Thomas) (Entered: 05/14/2014) |
| 05/15/2014 | 8 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint. New York City Department of Education served on 5/15/2014, answer due 6/5/2014. Service was accepted by Madelyn Santana, Docketing Clerk. Document filed by M.M.. (Gray, Thomas) (Entered: 05/15/2014) |
| 05/20/2014 | 9 | NOTICE OF APPEARANCE by Neil Anthony Giovanatti on behalf of New York City Department of Education. (Giovanatti, Neil) (Entered: 05/20/2014) |
| 05/23/2014 | 10 | LETTER MOTION for Extension of Time to File Answer re: 7 Amended Complaint addressed to Judge George B. Daniels from Neil Giovanatti dated May 23, 2014. Document filed by New York City Department of Education.(Giovanatti, Neil) (Entered: 05/23/2014) |
| 05/28/2014 | 11 | ORDER granting 10 Letter Motion for Extension of Time to Answer. SO ORDERED. New York City Department of Education answer due 6/12/2014. (Signed by Judge George B. Daniels on 5/23/2014) (mro) (Entered: 05/28/2014) |
| 06/12/2014 | 12 | ANSWER to 7 Amended Complaint. Document filed by New York City Department of Education.(Giovanatti, Neil) (Entered: 06/12/2014) |
| 06/13/2014 | 13 | JOINT LETTER addressed to Judge George B. Daniels from Thomas Gray dated June 13, 2014 re: proposed order, briefing schedule, and briefing. Document filed by M.M.. (Attachments: #1 Text of Proposed Order)(Gray, Thomas) (Entered: 06/13/2014) |
| 06/16/2014 | 14 | ORDER re: JOINT LETTER: IT IS HEREBY ORDERED that the Office of State Review of the New York State Education Department shall, within 30 days of receipt of this Order, mail a certified copy of the administrative record in Office of Stale Review Appeal Nos. 13–157 and 14–018 to counsel for Defendant, Neil Anthony Giovanatti, New York City Law Department, 100 Church Street Room 2–305, New York, New York 10007; and IT IS FURTHER ORDERED that upon receipt of the certified record from the Office of State Review, Defendant's counsel shall provide a copy of such record to counsel for the Plaintiff, and shall file the certified record with the Court under seal pursuant to Federal Rule of Civil Procedure 5.2(d). (Signed by Judge George B. Daniels on 6/16/2014) (mro) Modified on 6/17/2014 (mro). (Entered: 06/16/2014) |
| 06/16/2014 | 15 | MEMO ENDORSEMENT on re: 13 Letter filed by M.M. ENDORSEMENT: The conference is adjourned to September 9, 2014 at 9:30 a.m. ( Initial Conference set for 9/9/2014 at 09:30 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 6/16/2014) (mro) (Entered: 06/16/2014) |
| 06/16/2014 | | Set/Reset Deadlines: Cross Motions due by 9/12/2014. Motions due by 8/12/2014. Responses due by 9/26/2014 Replies due by 10/10/2014. (mro) (Entered: 06/16/2014) |
| 08/04/2014 | 16 | ORDER: The Initial Conference scheduled in this matter for September 9, 2014, is rescheduled to September 8, 2014, at 9:30 a.m (Initial Conference set for 9/8/2014 at 09:30 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 8/4/2014) (mro) (Entered: 08/04/2014) |

| 08/05/2014 | 17 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/05/2014) |
|---|---|---|
| 08/12/2014 | 18 | MOTION for Summary Judgment . Document filed by M.M.. Responses due by 9/12/2014(Gray, Thomas) (Entered: 08/12/2014) |
| 08/12/2014 | 19 | MEMORANDUM OF LAW in Support re: 18 MOTION for Summary Judgment . . Document filed by M.M.. (Gray, Thomas) (Entered: 08/12/2014) |
| 08/20/2014 | 20 | ORDER: The initial conference currently scheduled in this matter for September 8, 2014 at 9:30AM is adjourned. Oral argument on Plaintiff's motion for summary judgment (ECF No. 18) is scheduled for October 14, 2014, at 10:00AM. ( Oral Argument set for 10/14/2014 at 10:00 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 8/20/2014) (mro) (Entered: 08/20/2014) |
| 09/12/2014 | 21 | CROSS MOTION for Summary Judgment . Document filed by New York City Department of Education.(Giovanatti, Neil) (Entered: 09/12/2014) |
| 09/12/2014 | 22 | MEMORANDUM OF LAW in Support re: 21 CROSS MOTION for Summary Judgment . *And in Opposition to Plaintiff's Motion for Summary Judgment*. Document filed by New York City Department of Education. (Giovanatti, Neil) (Entered: 09/12/2014) |
| 09/26/2014 | 23 | MEMORANDUM OF LAW in Opposition re: 21 CROSS MOTION for Summary Judgment . . Document filed by M.M.. (Gray, Thomas) (Entered: 09/26/2014) |
| 10/10/2014 | 24 | REPLY MEMORANDUM OF LAW in Support re: 21 CROSS MOTION for Summary Judgment . *And in Opposition to Plaintiff's Motion for Summary Judgment*. Document filed by New York City Department of Education. (Giovanatti, Neil) (Entered: 10/10/2014) |
| 10/14/2014 | | Minute Entry for proceedings held before Judge George B. Daniels: Oral Argument held on 10/14/2014 re: 21 CROSS MOTION for Summary Judgment . filed by New York City Department of Education, 18 MOTION for Summary Judgment . filed by M.M.. Plaintiff Counsel: Thomas Chipman Gray; Defense Counsel: Neil Anthony Giovanatti; Eric Porter; Brian Reimels and Court Reporter present. (Vega, Elizabeth) (Entered: 10/15/2014) |
| 03/18/2015 | 25 | MEMORANDUM DECISION AND ORDER granting 18 Motion for Summary Judgment; granting 21 Motion for Summary Judgment: Plaintiff's Motion for Summary Judgment is DENIED. Defendant's Cross–Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to close the motions at ECF Nos. 18 and 21. (Signed by Judge George B. Daniels on 3/17/2015) (tn) (Entered: 03/18/2015) |
| 03/18/2015 | | Transmission to Judgments and Orders Clerk. Transmitted re: 25 Order on Motion for Summary Judgment, to the Judgments and Orders Clerk. (tn) (Entered: 03/18/2015) |
| 03/19/2015 | 26 | CLERK'S JUDGMENT: Plaintiff M.M. having moved for summary judgment and Defendant New York City Department of Education having cross–moved for summary judgment pursuant to Fed. R. Civ. P. 56, and the matter having come before the Honorable George B. Daniels, United States District Judge, and the Court, on March 18, 2015, having rendered its Memorandum Decision and Order (Doc. 25) denying Plaintiff's motion for summary judgment, granting Defendant's cross–motion for summary judgment, directing the Clerk of Court to close the motions at ECF Nos. 18 and 21, it is, ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Decision and Order dated March 18, 2015, Plaintiff's motion for summary judgment is denied; Defendant's cross–motion for summary judgment is granted. (Signed by Clerk of Court Ruby Krajick on 3/19/2015) (mro) (Additional attachment(s) added on 3/19/2015: # 1 Right to appeal attachment 1, # 2 Right to appeal attachment 2) (mro). (Entered: 03/19/2015) |
| 04/15/2015 | 27 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL –** NOTICE OF APPEAL. Document filed by M.M.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Gray, Thomas) Modified on 4/15/2015 (tp). (Entered: 04/15/2015) |

| 04/15/2015 |    | ***NOTE TO ATTORNEY REGARDING DEFICIENT APPEAL. Note to Attorney Gray, Thomas to RE–FILE Document No. 27 Notice of Appeal. No Order being appealed was selected. Re–file the document as a Corrected Notice of Appeal event and select the correct Order being appealed. (tp) (Entered: 04/15/2015) |
|------------|----|-------------|
| 04/15/2015 | 28 | NOTICE OF APPEAL from 26 Clerk's Judgment,,,, 25 Order on Motion for Summary Judgment,,,. Document filed by M.M.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Gray, Thomas) (Entered: 04/15/2015) |
| 04/15/2015 |    | Appeal Remark as to 28 Notice of Appeal filed by M.M. IFP GRANTED 03/06/2014. (tp) (Entered: 04/15/2015) |
| 04/15/2015 |    | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 28 Notice of Appeal. (tp) (Entered: 04/15/2015) |
| 04/15/2015 |    | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 28 Notice of Appeal filed by M.M. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/15/2015) |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

M.M. on Behalf of and as parent of J.S., a student
with a disability,

                           Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 8 2015
```

MEMORANDUM DECISION AND
ORDER

14 Civ. 1542 (GBD)

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff M.M. ("Plaintiff"), on behalf of her child J.S., brings this action against the New

York City Department of Education ("DOE"), seeking reversal of the New York State Review

Officer's ("SRO") decision to deny Plaintiff a tuition reimbursement for unilaterally placing J.S.

in a private school.  The SRO affirmed the Impartial Hearing Officer's ("IHO") decision to deny

tuition reimbursement to Plaintiff, finding that the DOE satisfied its obligation under the

Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") to provide J.S. with a

free and appropriate public education ("FAPE") for the 2012–2013 school year.

The parties cross-moved for summary judgment.  ECF Nos. 18 and 21.  Plaintiff's Motion

for Summary Judgment is DENIED.  Defendant's Cross-Motion for Summary Judgment is

GRANTED.

# I.    BACKGROUND[1]

J.S. is a student with autism.  At the start of the 2012–2013 school year, J.S. was eighteen

---

[1] The following facts derive from Plaintiff's and the DOE's recitations of the facts submitted in their respective briefs
for summary judgment, and the certified administrative record.  The following facts are undisputed unless otherwise
indicated.  A Rule 56.1 statement is not required in IDEA cases.  See T.Y. v. N.Y. City Dep't of Educ., 584 F.3d 412,
417–418 (2d Cir. 2009).

years old, and attending a private school called the Cooke Center for Learning and Development ("Cooke"). He attended Cooke beginning in 2008.

On May 22, 2012, a Committee on Special Education ("CSE") convened to develop an individualized educational program ("IEP") for J.S. for the 2012–2013 school year.[2] The CSE team consisted of Plaintiff, J.S.'s mother, a DOE special education teacher, a DOE school psychologist who also served as the district representative, a Cooke educator who was J.S.'s English or language arts teacher, and a Cooke representative. In developing J.S.'s IEP, the CSE team relied on several reports: a Comprehensive Psychoeducational Evaluation conducted by a private institution in 2009 (the "2009 Psychoeducational Evaluation"), a Cooke Progress Report from 2011–2012, and a transitional report developed by Cooke. The DOE did not conduct a triennial reevaluation of J.S. pursuant to the IDEA, nor did it conduct a vocational assessment of J.S. The CSE team instead relied on the 2009 Psychoeducational Evaluation, which was privately obtained by Plaintiff. DOE Ex. 22 ¶¶ 16–18.

During the meeting, the CSE team discussed the contents of the reports and the evaluation to determine J.S.'s needs and educational services. Plaintiff stated at the meeting that J.S.'s academic progress mattered the most to her, and that she wanted academic instruction to take top priority in determining J.S.'s IEP. Pls. Ex. X ¶ 8.[3] Based on their discussions, the CSE team recommended that J.S. be placed in a twelve-month program in a special education class with a classroom ratio of up to twelve students to one special education teacher and one paraprofessional ("12:1:1") at a specialized school. The CSE team also recommended that J.S. receive three forty-

---

[2] An IEP is a "'written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and service that will enable the child to meet those objectives.'" R.E. v. N.Y. City Dep't of Educ., 694 F.3d 167, 175 (2012). In New York, the CSE is responsible for developing the IEPs. Id.

[3] Exhibit X is attached to Plaintiff's Aug. 19, 2013 SRO Verified Petition as "Appeal Exhibit 4."

five minute sessions per week of speech language therapy, one forty-five minute session of individual counseling, and one forty-five minute session of group counseling. DOE Ex. 22 ¶ 41. J.S.'s IEP also contained measurable postsecondary goals to assist J.S. with transition from school to adulthood. DOE Ex. 3-3.

At the meeting, the Cooke representative objected to the CSE's recommendation of a 12:1:1 classroom ratio, stating that J.S. "needs a small student-to-teacher ratio, smaller than 12:1+1." Pls. Ex. M ¶ 18; IHO Hearing Transcript ("Tr.") at 188:7–194:17. The Cooke representative specifically objected to a classroom ratio of twelve students with one teacher and a paraprofessional because J.S.'s classes at Cooke had a classroom of twelve students but with two special education teachers, a teacher and an assistant teacher. Id. ¶ 19; see Oct. 14, 2014 Oral Arg. at 24–25. The DOE staff disagreed with the Cooke representative, finding that the recommendation was appropriate given J.S.'s evaluation. DOE Ex. 22 ¶¶ 48–49.

On June 15, 2012, the DOE sent a notice to Plaintiff recommending P.S. 712X, the Stephen D. McSweeney School ("McSweeney"), as J.S.'s placement. On June 20, 2012, Plaintiff and another Cooke educator who was not presented for the CSE meeting visited the school. They claim that during the visit a parent coordinator at the school told them that because of J.S.'s age, he would be placed at a full-day work site. Plaintiff objected to the school placement for J.S., and wrote the DOE two letters objecting to McSweeney as an appropriate placement for J.S.'s needs. Plaintiff received no response from the DOE. Plaintiff decided to unilaterally reenroll J.S. at Cooke for the 2012–2013 school year, with the plan of seeking reimbursement from the DOE for tuition costs.

a. *The Due Process Complaint and the Administrative Hearings*

On March 18, 2013, Plaintiff filed a due process complaint against the DOE.[4]  Plaintiff alleged that the DOE committed several violations under the IDEA namely that: the DOE failed to conduct a triennial reevaluation of J.S. before the CSE meeting; the DOE failed to conduct a vocational assessment of J.S.; the CSE's recommendation of the 12:1:1 class placement was inappropriate; and the CSE team did not appropriately balance academic instruction and vocational training.[5]  Plaintiff also alleged that McSweeney was an inappropriate placement because the school focused more on vocational training than on academic instruction.  As relief, Plaintiff requested reimbursement for J.S.'s tuition at Cooke for the school year.

On December 20, 2013, the IHO denied Plaintiff's request for tuition reimbursement, finding that the IEP appropriately addressed J.S.'s particular disability.  Findings of Fact and Decision, Case No. 143983, dated Dec. 20, 2013 ("IHO Dec."), at 8.[6]  The IHO found that the DOE did not violate the IDEA by failing to conduct a triennial reevaluation of J.S. because the 2009 Psychoeducational Evaluation relied upon for developing J.S.'s IEP was within the three-year statutory period.  Id. at 6.  The IHO also found that the 12:1:1 classroom placement was appropriate, and that the IEP had a proper balance of academic instruction and vocational training,

---

[4] Pursuant to the IDEA, each state receiving federal funding under the Act must establish procedural safeguards to review administrative decisions.  See generally 20 U.S.C. § 1415 (2012).  New York has adopted a two-tiered administrative review process.  The parent must initiate the process by filing a due process complaint, which will be reviewed by an IHO.  See id. § 1415(f); N.Y. Educ. Law § 4404(1) (McKinney 2012).  Either party could appeal the IHO's decision to a SRO.  Then either party, the child's parent or the DOE, could appeal the SRO's decision to a federal or state court in a civil action.  See 20 U.S.C. § 1415(i)(2)(A); see also R.E., 694 F.3d at 175.

[5] Plaintiff also raised the issue that the DOE did not recommend parent training in violation of 8 NYCRR 200.13(d), but this issue was not raised here.

[6] Prior to this decision, the IHO issued another decision denying tuition reimbursement.  Findings of Fact and Decision, Case No. 143983, dated July 18, 2013, at 9.  That decision was remanded by the SRO because the IHO did not apply the controlling three-prong test known as the Burlington-Carter test.  See Application of a Student with a Disability, Appeal No. 13-157, at 10–11; infra p. 7.  The IHO's decision dated December 20, 2013 is the IHO's decision after remand.

which could have been implemented at McSweeney.  Id.  M.M. subsequently appealed the IHO's

decision to the SRO.

### b. *The SRO's Decision*

On March 18, 2014,[7] the SRO affirmed the IHO's decision that the DOE provided J.S. with

a FAPE for the 2012–2013 school year.  See Application of a Student with a Disability, Appeal

No. 14-018, dated Mar. 18, 2013 at 14 ("SRO Dec.").  The SRO agreed with the IHO that the 2009

Psychoeducational Evaluation was timely, that the CSE had sufficient evaluative materials to

develop J.S.'s IEP, and that the lack of a vocational assessment and transition plan did not render

J.S.'s IEP inappropriate.  The SRO also found that there was sufficient information in the hearing

record to establish that a 12:1:1 placement was an appropriate placement for J.S.'s needs.  The

SRO rejected Plaintiff's challenge that McSweeney was an inappropriate school placement for J.S.

The SRO found that Plaintiff's challenge to the school was "speculative" given that J.S. never

attended the recommended placement.  Id. at 20.  Citing the Second Circuit in R.E. v. New York

City Department of Education, the SRO stated, "'speculation that the school district will not

adequately adhere to the IEP is not an appropriate basis for unilateral placement[.]'"  Id.  The SRO

concluded that the DOE sustained its burden of establishing that it offered a FAPE to J.S. for the

2012–2013 school year, and thus, inquiry into the other two prongs of the Burlington-Carter test[8]

was unnecessary.  Id. at 22.

---

[7] The SRO's decision is dated March 18, 2013, but the Court will assume that this date is a typographical error
because the decision was written after the remand from the SRO.

[8] See infra p. 7.

5

## II.  LEGAL STANDARDS

### a.  *The Summary Judgment Standard in Cases Brought Under the IDEA*

Under the IDEA, a party may appeal a SRO's decision to a federal district court in a civil action.  See 20 U.S.C. § 1415(i)(2)(A); supra note 4.  Although parties petitioning for administrative review under the IDEA may title their motions as a motion for summary judgment, "'a motion for summary judgment in an IDEA case often triggers more than an inquiry into possible disputed issues of fact.'"  M.H. v. N.Y. City Dep't of Educ., 685 F.3d 217, 225 (2d Cir. 2012) (citing Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 83 n.3 (2d Cir. 2005)).  Rather, the motion functions as a "procedural mechanism for reviewing a state's compliance" with the procedural and substantive mandates under the IDEA.  M.H., 685 F.3d at 225–26.

When reviewing the motion, the district court must determine whether the SRO's decision is supported by a "'preponderance of the evidence,' taking into account not only the record from the administrative proceedings, but also any further evidence presented before [the court] by the parties."  Grim v. Rhinebeck Cent. Sch. Dist., 346 F.3d 377, 380 (2d Cir. 2003); see also T.Y., 584 F.3d at 418 ("[T]he court is . . . empowered to conduct an independent review of the record as a whole and even hear additional evidence.").  However, this determination does not "invit[e] . . . the courts to substitute their own notions of sound educational policy for those of the school authorities which they review."  Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982).  The district court must give "due weight" to the findings of a state administrative proceeding.  Id.  "Deference is particularly appropriate when . . . the state hearing officer's review has been thorough and careful."  Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998).

**b.** *Plaintiff's Eligibility for Tuition Reimbursement*

To grant tuition reimbursement to a parent who has unilaterally placed the student in a private school, the court must consider "(1) whether the school district's proposed plan will provide the child with a [FAPE]; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." C.F. ex rel. R.F. v. N.Y. City Dep't of Educ., 746 F.3d 68, 73 (2d Cir. 2014). This inquiry is known as the Burlington-Carter test; a test articulated in School Committee of Burlington v. Department of Education, 471 U.S. 359 (1985) and Florence County School District Four v. Carter, 510 U.S. 7 (1993). The school district bears the burden of establishing the appropriateness of an IEP; however, when a parent is seeking tuition reimbursement for a unilateral placement, the parent bears the burden of establishing the appropriateness of the private placement. See N.Y. Educ. Law § 4404(1)(c). If the court determines that the IEP was appropriate, the inquiry ends there. See M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ., 226 F.3d 60, 66 (2d Cir. 2000). "Only if a court determines that a challenged IEP was inadequate should it proceed to the second [prong]." Id.

In determining whether an IEP complies with the IDEA, the court must delve into a two-part inquiry, which is "first, procedural, and second, substantive." See R.E., 694 F.3d at 190. A procedural violation does not automatically entitled a parent to reimbursement; however, multiple violations in the aggregate may result in a denial of a FAPE. Id. Procedural violations only entitle a parent to reimbursement if the violations "'impeded the child's right to a [FAPE],' 'significantly impeded the parents' opportunity to participate in the decisionmaking process,' or 'caused a deprivation of educational benefits.'" Id. (quoting 20 U.S.C. § 1415(f)(3)(E)(ii)). In determining whether an IEP is substantively adequate, the court must determine whether the IEP was "reasonably calculated to enable the child to receive education benefit[s]." R.E., 694 F.3d at 190.

Unlike a procedural violation, "[s]ubstantive inadequacy automatically entitles the parent to reimbursement." Id.

## III. THE DOE PROVIDED J.S. WITH A FREE AND APPROPRIATE PUBLIC EDUCATION

Plaintiff attacks both the procedural and substantive adequacy of the IEP. First, Plaintiff argues that the DOE's failure to conduct a triennial reevaluation and a vocational assessment of J.S. were procedural violations that impeded Plaintiff's opportunity to participate in the decision-making process, and deprived J.S. of educational benefits. Second, Plaintiff argues that the IEP is substantively inadequate because the CSE's recommendation of the 12:1:1 program is inappropriate. Plaintiff also attacks McSweeney as an improper school placement.

Based on a thorough, independent review of the record, the SRO's well-reasoned decision warrants deference and affirmance.

### a. Procedural Adequacy

#### i. The DOE's failure to conduct a triennial reevaluation did not result in a denial of a FAPE.

For developing J.S.'s IEP, the CSE team relied on a 2009 Psychoeducational Evaluation, which was privately obtained by Plaintiff. The SRO found that the DOE was not obligated to conduct a triennial reevaluation of J.S. given that the 2009 Psychoeducational Evaluation, conducted in June 2009, fell within the three-year statutory period. SRO Dec. at 10. In addition, the SRO found that the CSE team had sufficient evaluative information to develop J.S.'s IEP. Id.

Under the IDEA, "[a] reevaluation . . . [must] occur . . . not more frequently than once a year, unless the parent and the local educational agency agree otherwise; and . . . at least once every 3 years, unless the parent and the local educational agency agree that a reevaluation is unnecessary." 20 U.S.C. § 1414(a)(2)(B)(i)–(ii); N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 8 § 200.4(b)(4). Plaintiff argues that the SRO erred in finding that the DOE was not obligated to

conduct a triennial reevaluation because the plain language of the applicable statutory provision puts the responsibility of conducting reevaluations on the DOE; not a private agency. Plaintiff also argues that the DOE's failure to conduct a reevaluation deprived her of an opportunity to participate in J.S.'s evaluative process. Part of the evaluative process seeks input from the parent in gathering pertinent information about the student's needs. See 34 C.F.R. § 300.305(a)(1)–(2) (2014) ("[T]he IEP Team . . . as appropriate, must [r]eview existing evaluation data on the child, including . . . input from the child's parents . . . ."). Because no reevaluation was conducted, Plaintiff claims she was deprived of the opportunity to contribute and advocate for J.S.'s educational needs.

Although the applicable statutory provision does mandate the DOE to conduct a triennial reevaluation of a student at least every three years, the lack of such a reevaluation in this case did not render the IEP inappropriate. See D.B. v. N.Y. City Dep't of Educ., 966 F. Supp. 2d 315, 330–31 (S.D.N.Y. 2013) (holding that the DOE's failure to conduct the statutorily-mandated psychological reevaluation of the child did not render the IEP procedurally defective); N.K. v. N.Y. City Dep't of Educ., 961 F. Supp. 2d 577, 586 (S.D.N.Y. 2013) (holding that the CSE team had sufficient evaluative data despite the CSE's failure to conduct an evaluation). This Court defers to the SRO's finding that the CSE had sufficient evaluative materials to conduct J.S.'s IEP. In developing J.S.'s IEP, the SRO highlighted that the evaluators of the 2009 evaluation used several formal and informal assessments to measure J.S.'s ability in cognitive, adaptive behavior, and academics. SRO Dec. at 10–11. The progress report that the CSE team relied on provided relevant information about J.S.'s "academic and social/emotional functioning and related goals[,]" and the transition report provided adequate post-secondary and vocational related information to develop a comprehensive transition plan for the IEP. Id. at 11–12. The CSE team

also considered input from Plaintiff, J.S.'s English/language arts teacher, and a Cooke consulting teacher. Id. at 10

Additionally, Plaintiff's contention that the lack of an evaluation deprived her of the opportunity to participate in the decision-making process regarding J.S.'s educational needs is unsupported by the record. Plaintiff was present at the CSE meeting; the CSE relied on an independent evaluation obtained by her in developing the IEP; she voiced her concern about J.S.'s academic progress during the CSE meeting; she visited the placement school with a Cooke representative; and she had her counsel write the DOE a letter explaining why she believed that the placement school was inappropriate. This level of involvement shows that Plaintiff had significant opportunities to participate in the decision-making process. Cf. N.K., 961 F. Supp. 2d at 586 (holding that the parent's level of involvement in the development of the IEP— commissioning an independent evaluation, and visiting the recommended placement—was sufficient opportunity for the parent to participate in the decision-making process). Moreover, Plaintiff had sufficient information to participate in the decision-making process for J.S.'s education needs. See M.W. ex rel. S.W. v. N.Y. City Dep't of Educ., 869 F. Supp. 2d 320, 334 (E.D.N.Y. 2012), aff'd, 725 F.3d 131 (2d Cir. 2013) (holding that because the CSE team and the parents had substantial background information about the student during the CSE meeting, any failure to conduct an additional evaluation did not impede the parents' opportunity to participate in the development of the IEP). The DOE has demonstrated that not conducting a reevaluation of J.S. did not significantly impede Plaintiff's opportunity to participate in the decision-making process or deprive J.S. of a FAPE.[9]

---

[9] Plaintiff also argues that even if the 2009 Psychoeducational Evaluation replaced the DOE's triennial revaluation, the evaluation was insufficient under the IDEA because it constituted only one single assessment of J.S. See 20 U.S.C. § 1414(b)(2)(A); 34 C.F.R. § 300.304(b)(1) (mandating that the school district utilize more than one assessment in the evaluative process). Plaintiff also argues that the evaluation was not current because the evaluation would have

### ii. *The lack of a vocational assessment did not impede J.S.'s right to a FAPE.*

It is undisputed that the DOE did not conduct a vocational assessment of J.S. SRO Dec. at 12. Pursuant to the IDEA and New York state regulations, the IEPs for students fifteen or older must include "appropriate measurable postsecondary goals based upon age appropriate transition assessments related to training, education, employment, and, where appropriate, independent living skills; [and] the transition services (including courses of study) needed to assist the child in reaching those goals . . . ." 20 U.S.C. § 1414(d)(1)(A)(i)(VIII)(aa)–(bb); 8 NYCRR 200.4(d)(2)(ix). Despite the DOE's failure to conduct a vocational assessment, the SRO found that this procedural inadequacy alone did not render J.S.'s IEP inappropriate. SRO Dec. at 13. The SRO found that the CSE team had sufficient information about J.S.'s transition needs to enable the CSE team to develop his IEP. Id.

Plaintiff does not argue that the lack of a vocational assessment resulted in insufficient information to develop J.S.'s IEP. Rather, Plaintiff argues that the lack of a vocational assessment caused the IEP to be vague, preventing her from participating in the decision-making process regarding J.S.'s education. Plaintiff's argument is three-fold. First, Plaintiff argues that parents must have "sufficient information about the IEP to make an informed decision as to its adequacy prior to making a placement decision." Pls.' Mem. Summ. at 22 (citing R.E., 694 F.3d at 186). Here, Plaintiff contends that the IEP failed to provide any information about how J.S.'s transitional and academic goals would be implemented at the placement school. Second, Plaintiff

---

expired two months before the CSE meeting, allowing another year to pass before J.S. is reevaluated for the next school year. Plaintiff warns that this practice will turn IDEA's triennial reevaluation requirement into a quadrennial reevaluation requirement. Plaintiff's arguments are without merit. As the SRO noted, the evaluators of the 2009 Psychoeducational Evaluation utilized a variety of formal and informal assessments of J.S. See SRO Decision at 10–12; DOE Ex. 5-1 to -18. Regarding the quadrennial argument, the IDEA gives the school district the discretion within the three-year period to conduct an evaluation of the student if it deems necessary or if a parent requests one. See 20 U.S.C. § 1414(a)(2)(A)(i)–(ii); 34 C.F.R. § 300.303(a)(1)–(2). Here, the school district believed that it had sufficient evaluative information to move forward with developing J.S.'s IEP. There is no evidence in the record that at the time of the meeting Plaintiff requested that a further evaluation to conducted. See DOE Ex. 22 ¶ 18.

argues that the DOE was mandated to send a written notice to Plaintiff with specific information about the school placement. See 34 C.F.R. § 300.503(a) (requiring the public agency to send a written notice to the parent of the child if the public agency proposes to initiate or change the placement or the IEP). Here, Plaintiff contends that she did not receive any notice from the DOE that J.S. would be attending a full-time day work program at the placement school until she visited the school, which is different from what she understood from the CSE meeting. Third, Plaintiff argues the IEP directly contradicts the IDEA's requirement that the IEP should include the "'anticipated frequency, location, and duration' of all recommended services." See 20 U.S.C. § 1414(d)(1)(A)(i)(VII). Here, Plaintiff contends that the IEP contains "generic" goals related to his transition to post-school life.

The SRO found that the IEP was not vague because the IEP contained both an academic and post-secondary component and annual goals related to academics and post-secondary transitions. SRO Dec. at 15. The SRO also relied on the testimony of the IEP coordinator who testified that the placement school could address all of J.S.'s goals and fully implement the IEP. Id.; Tr. 13:20–14:5. Plaintiff argues that the SRO erred in relying on the IEP coordinator's testimony because such testimony was impermissible retrospective evidence—a type of evidence that the Second Circuit cautioned the lower courts from considering when evaluating the appropriateness of a deficient IEP. See R.E., 694 F.3d at 186 (holding that retrospective testimony may not be considered in a Burlington-Carter proceeding).

A review of the administrative record shows that the IEP was not vague regarding J.S.'s transitional and vocational goals. As the SRO highlighted, the IEP contained annual goals and services related to academics and post-secondary transition. SRO Decision at 15; Pls. Ex. X. Plaintiff received notice from the DOE that the recommended placement school was McSweeney.

12

Regarding how these goals would be implemented in the placement school, the IEP coordinator testified that a school counselor from McSweeney would meet with the student and the student's parents to discuss J.S.'s needs and abilities. DOE Ex. 21 ¶ 15. There is nothing in J.S.'s IEP to suggest that he would be placed in an all-day work site program. The assertion of Plaintiff and the Cooke educator regarding statements made by the parent coordinator is not sufficient evidence to conclude that the student's goals and needs would not be met.

Additionally, the SRO properly relied on the IEP coordinator's testimony because this testimony was not retrospective evidence. The Second Circuit defined retrospective testimony as testimony that seeks to remedy the deficiencies of a defective IEP by a school representative testifying that the school would have implemented the IEP. R.E., 694 F.3d at 185–86. However, testimony that explains or justifies the services in the IEP is permissible. Id. at 186. The IEP coordinator's testimony was not retrospective because the IEP coordinator testified as to how the school would implement the IEP. This testimony did not seek to implement a different IEP or to remedy a defective IEP.

**b. _Substantive Adequacy_**

      **i. _The recommended 12:1:1 program was reasonably calculated to meet J.S.'s educational needs._**

This Court must defer to the expertise of the SRO that the CSE team's recommendation of a 12:1:1 program was appropriate for J.S.'s educational needs. Plaintiff highlights evidence in the record to prove that there was conflicting support for whether the 12:1:1 program was appropriate. At the CSE meeting, the Cooke representative objected to the 12:1:1 recommendation, and testified that J.S. "needs a small student-to-teacher ratio, smaller than 12:1+1." Pls. Ex. M ¶ 18. In addition, J.S.'s English and language arts teacher testified that J.S. needed "frequent check-ins and regular teacher prompting to ensure that he is committing new information to long-term memory." Pls.

Ex. ¶ 7; Pls.' Mem. Summ. J. at 27. On the other hand, the DOE staff disagreed with the Cooke representative, and the DOE points to other evidence in the record to show that J.S. made educational progress working in similar 12:1:1 classroom settings.

When there is conflicting evidence regarding an educational placement, it is appropriate for this Court to defer to the expertise of the SRO. "[T]he judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." See A.C. ex rel. M.C. v. Bd. of Educ., 553 F.3d 165, 171 (2d Cir. 2009) (quoting Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 113 (2d Cir. 2007)) (internal quotation marks omitted). Here, the SRO determined that the 12:1:1 special class placement was appropriate given J.S.'s educational needs, skills, and performance levels because the special class placement is designed for students "whose management needs interfere with the instructional process . . ." SRO Dec. at 14 (citing 8 NYCRR § 200.6(h)(4)). The SRO also found that the recommended related services to support J.S. in his 12:1:1 special class placement were appropriate and consistent with the frequency and duration of the related services he received at Cooke.[10] SRO Dec. at 14.

### c. *Because the IEP was Appropriate, Reimbursement for a Unilateral Placement Cannot Be Granted*

The SRO did not erred in finding that a challenge to the placement school would be speculative given that J.S. never attend McSweeney. It is well-established that when determining whether a unilateral placement was appropriate, the court must focus on the written IEP. See R.E., 694 F.3d at 195; accord K.L. ex rel. M.L. v. N.Y. City Dep't of Educ., 530 F. App'x 81, 87 (2d

---

[10] Plaintiff also argues that the 12:1:1 recommendation was inappropriate because the recommended classroom setting would consist of a teacher and a paraprofessional. At Cooke, a 12:1:1 class would consist of two certified teachers. Again, this Court is not an expert in special education to determine whether a class placement with a teacher and a paraprofessional is inappropriate where the student is familiar with a classroom setting of two teachers. See R.E., 694 F.3d at 192 ("The adequacy of 1:1 paraprofessional support as opposed to 1:1 teacher support is precisely the kind of educational policy judgment to which we owe the state deference if it is supported by sufficient evidence . . . .").

Cir. 2013). "Speculation that the school district will not adequately adhere to the IEP is not an appropriate basis for unilateral placement." R.E., 694 F.3d at 195. The SRO correctly found that Plaintiff's challenge to McSweeney as a placement school was speculative given that J.S. did not attend McSweeney.

Because the IEP was appropriate, there is no need to further inquire as to the other two prongs of the Burlington-Carter test regarding whether Cooke was an appropriate placement and if equities favor reimbursement. See M.C. ex rel. Mrs. C., 226 F.3d at 67.


## CONCLUSION

Plaintiff's Motion for Summary Judgment is DENIED. Defendant's Cross-Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to close the motions at ECF Nos. 18 and 21.


Dated: March 17, 2015
      New York, New York

                                    SO ORDERED.

                                      George B. Daniels

                                      GEORGE B. DANIELS
                                      United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
M.M. on Behalf of and as parent of J.S., a student
with a disability ,

<table>
<tr><td>Plaintiff,</td><td>14 <b>CIVIL</b> 1542(GBD)</td></tr>
<tr><td>-against-</td><td><b><u>JUDGMENT</u></b></td></tr>
</table>

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                 Defendant.
----------------------------------------------------------X

       Plaintiff M.M. having moved for summary judgment and Defendant New York City

Department of Education having cross-moved for summary judgment pursuant to Fed. R. Civ. P.

56, and the matter having come before the Honorable George B. Daniels, United States District

Judge, and the Court, on March 18, 2015, having rendered its Memorandum Decision and Order

(Doc. 25) denying Plaintiff's motion for summary judgment,  granting Defendant's cross-motion

for  summary judgment, directing the Clerk of Court to close the motions at ECF Nos. 18 and 21,

it is,

       **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Memorandum Decision and Order dated March 18,  2015, Plaintiff's motion for summary

judgment is denied; Defendant's cross-motion for summary judgment is granted.

**Dated:**  New York, New York
        March 19, 2015

                           **RUBY J. KRAJICK**

                            _____
                            **Clerk of Court**

**BY:**           _____
                            **Deputy Clerk**